UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA,<br>　　　Plaintiff(s),<br>v.<br>MICHAEL G. BAGDON,<br>　　　Defendant(s). | Case No.: 2:20-cv-00444-APG-NJK<br><br>REPORT & RECOMMENDATION<br><br>(Docket No. 1) |

District courts have the authority to dismiss cases *sua sponte* without notice to a party when that party "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1]

Pending before the Court is Defendant's notice of removal. Docket No. 1-1. He appears to be trying to remove his state court criminal case to this court. *See id.* "Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Defendant submits that the Court has jurisdiction over this case based on 18 U.S.C. § 3 and 28 U.S.C. § 1441. Docket No. 1-1 at 1. However, neither statute is applicable: § 3 does not pertain to removal jurisdiction and § 1441 pertains to removal of civil cases.

---

[1] When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). Here, Defendant filed an incomplete application to proceed *in forma pauperis*, failing to file the affidavit required by 28 U.S.C. § 1915(a), showing an inability to prepay fees and costs or give security for them. *See* Docket No. 1. However, given the Court's separate ability to dismiss the complaint pursuant to the authority cited above, the Court need not address whether Defendant qualifies to proceed *in forma pauperis* before dismissing his case.

1

A state court prosecution may be removed by a defendant under limited circumstances, including if the defendant is an officer of the United States and the action arises from acts done under the color of office or status. *See* 28 U.S.C. §§ 1442(a), 1442(d). Additionally, a defendant may remove a criminal case to this court if he seeks to assert a defense to the prosecution based on federal laws protecting equal civil rights and cannot do so under state law. *See* 28 U.S.C. § 1443. Defendant fails to make any of these allegations.

Defendant may not cure this deficiency by filing a second notice of removal, stating other grounds justifying removal: "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice." 28 U.S.C. § 1455(b)(2).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice to Defendant seeking appropriate relief in an appropriate venue.

IT IS SO ORDERED.

Dated: March 20, 2020

_____
Nancy J. Koppe
United States Magistrate Judge